**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KEITH A. DZIERZANOWSKI and** | § | |
| **HOLLY M. DZIERZANOWSKI** | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § **CIVIL ACTION NO. 1:15-cv-176** | |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | **JURY** |

**DEFENDANT STATE FARM LLOYDS'**
**NOTICE OF REMOVAL**

---

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I. Procedural Background

1.      On January 30, 2015, Plaintiffs Keith A. Dzierzanowski and Holly M. Dzierzanowski ("Plaintiffs") filed their Original Petition and initiated an action against State Farm in the 335th Judicial District Court of Bastrop County, Texas, bearing Cause No. 014-335 ("the State Court Action").  **Exhibit A**.  There was a jury demand in the State Court Action.  *Id.*

2.      On February 6, 2015, State Farm was served with Plaintiffs' Original Petition and Citation in the State Court Action.  **Exhibit A**.

3.      State Farm filed its Original Answer, Special Exceptions, Affirmative Defenses, and Jury Demand in the State Court Action on February 27, 2015.  **Exhibit B**.

4.      This Notice of Removal is filed within the 30-day statutory time period for removal, 28 U.S.C. § 1446(b).

## II. <u>Nature of Suit</u>

5.      This lawsuit involves an insurance coverage dispute regarding alleged damage to Plaintiffs' residence at 142 Cattlemans Drive, Bastrop County, Texas.   State Farm investigated the claim and paid Plaintiffs for their smoke damage claim.  Plaintiffs now bring suit against State Farm, their homeowners' insurer for breach of the insurance contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.  **Exhibit A.**

## III. <u>Basis for Removal</u>

6.      This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by State Farm pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7.      Upon information and belief, Plaintiffs were, at the time this action was commenced, and still are citizens of the State of Texas.  Plaintiffs' Original Petition states that Plaintiffs are residents of Texas.  **Exhibit A**.

8.      Defendant State Farm was, at the time this civil action was commenced, and still is, a citizen of the state of Illinois.  State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an association of underwriters who, at the time this civil action was commenced, were, and still are, citizens and residents of the state of Illinois, making State Farm Lloyds a citizen and resident of the state of Illinois for diversity purposes.[1]

9.      Although Plaintiffs' Original Petition is silent as to the amount of actual damages Plaintiff seeks in this action, as stated above in paragraph 5, this is an alleged insurance "bad

---

[1] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882 (5th Cir. 1993).

faith" case in which Plaintiffs seek damages for State Farm's alleged wrongful handling and insufficient payment of Plaintiffs' claim.

10.     When a Plaintiffs' pleading does not allege a specific amount of damages, the removing party Defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00[2].  Given the nature of Plaintiffs' claims against State Farm and Plaintiffs' various claims for damages, the alleged damages in this action appear to clearly exceed $75,000.00, exclusive of interest and costs.[3]

11.     Because the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 and this removal action is proper.

12.     Pursuant to 28 U.S.C. § 1446(a), State Farm has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and docket sheet in the State Court Action as identified on the Index of Matters Being Filed.

13.     Pursuant to 28 U.S.C. § 1446(d), State Farm has filed a copy of this Notice of Removal with the clerk of court in the State Court Action, and has given notice thereof to all adverse parties.

### IV. Conclusion and Prayer

14.     The basis for this removal and this Court's jurisdiction is diversity of citizenship. 28 U.S.C. § 1332.  Plaintiffs are citizens of Texas.  State Farm is a citizen of Illinois. The amount in controversy, based on the allegations in Plaintiffs' Original Petition, exceeds $75,000.00, exclusive of interest and costs.  As such, this removal action is proper.  On these grounds, State Farm hereby removes the referenced State Court Action to this Court.

---

[2] *See DeAguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[3] *See Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).

15.     State Farm demanded a jury in the State Court Action, and demands a jury in this action.

WHEREFORE, Defendant State Farm Lloyds respectfully requests that the above-entitled action be removed from the 335th Judicial District Court of Bastrop County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas  78701
512/476-4600
512/476-5382 (Fax)

By:_____
        Richard W. South
        State Bar No. 18863175
        rsouth@w-g.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant State Farm Lloyds' **Notice of Removal** has been forwarded via facsimile on this the 2nd day of March, 2015 to:

David C. Wenholz
The Wenholz Law Firm, PLLC
13501 Galleria Circle
Suite W270
Bee Cave, Texas 78738
(512) 478-2211
**(512) 478-3625 FAX**

_____
Richard W. South

# Exhibit "A"

53-F669-006   *handwritten:* V 13CM305 2/10/15

**CITATION**
**CAUSE#014-335**

RECEIVED

FEB 1 0 2015

EXECUTIVE

**CLERK OF THE COURT**
Sarah Loucks, District Clerk
P.O. Box 770
804 Pecan Street
Annex Building, Lower Level
Bastrop, TX 78602

**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

RECEIVED

FEB 1 2015

TLRG

To STATE FARM LLOYDS
MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT,
RENDI BLACK C/O STATE FARM
17301 PRESTON ROAD
DALLAS, TX 75252-5727, Defendant

GREETINGS: You are commanded to appear by filing a written answer to the Petition of Petitioner at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 335th District Court of Texas, at the courthouse in BASTROP, Texas.

A copy of the Petition of the Petitioner accompanies this citation, in cause number 014-335 styled:

KEITH A. DZIERZANOWSKI
AND HOLLY M.
DZIERZANOWSKI
V.
STATE FARM LLOYDS

filed in said court on the on this the 30th day of January, 2015

Petitioner is represented by:

DAVID C. WENHOLZ
13501 GALLERIA CIRCLE
STE.W270
BEE CAVE, TX 78738

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office in Bastrop, Texas, this the 2nd day of February, 2015

Sarah Loucks
District Clerk, Bastrop County
P.O. Box 770
Bastrop, Texas 78602
By: _____ ,Deputy

( ) IF CHECKED, ATTACHED TO THIS CITATION IS DISCOVERY NOT FILED WITH CLERK PURSUANT TO TRCP 191.4

Cause: 014-335

Executed when copy is delivered:

This is a true copy of the original cit

_____ day of _____

ADDRESS FOR SERVICE:

Defendant: STATE FARM LLOYDS

MAY BE SERVED WITH PROCESS BY S

RENDI BLACK C/O STATE FARM

17301 PRESTON ROAD

DALLAS, TX 75252-5737

Electronically Filed 1/30/2015 4:49:55 PM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Irene Borrego, Deputy

Cause No. _____ 014-335

| | | |
|---|---|---|
| KEITH A. DZIERZANOWSKI | § | IN THE DISTRICT COURT |
| AND HOLLY M. | § | |
| DZIERZANOWSKI | § | 335th |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| V. | § | |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | BASTROP COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, Keith A. Dzierzanowski and Holly M. Dzierzanowski (hereinafter referred to as "Plaintiffs") and files this their Original Petition, Request for Disclosure complaining of STATE FARM LLOYDS ("STATE FARM") and for causes of action would show as follows:

I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery in this case to be controlled by Tex.R.Civ.P. 190.4 (Level 3).

II.
### JURISDICTION AND VENUE

2. This is a suit based on breach of contract, torts and statutory violations relating to an insurance claim Plaintiffs filed for damages to their home, which is located in Bastrop County, Texas. Bastrop County is where all or a substantial part of the events or omissions giving rise to the claim occurred.   Venue is also appropriate under §2210.552 of the Tex. Ins. Code.

3. The amount in controversy exceeds the minimum jurisdictional limits of this Court. The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated herein.

III.
PARTIES

4.     The Plaintiffs are residents of Montgomery County, Texas.

5.     Defendant STATE FARM is a domestic company doing business in Texas and may be served with process by serving its registered agent, Rendi Black C/O State Farm 17301 Preston Road, Dallas, Texas 75252-5727.

IV.
FACTS

6.     Plaintiffs owned a home located at 142 Cattlemans Dr, Bastrop, Texas 78602. In order to protect the home from damage, Plaintiffs purchased insurance policy no. 83-BR-H672-3 from STATE FARM. The insurance policy was effective on September 4-5, 2011 when the Plaintiffs' home sustained damage from the Bastrop County Complex Fire. Plaintiffs' dwelling was in good condition prior to the loss.

7.     As a result of the fire, Plaintiffs discovered their home sustained significant damage during the policy period(s) and a claim was immediately reported to STATE FARM. Plaintiffs satisfied all conditions precedent under the policy and under common law before bringing this action. The losses and damages include, but are not limited to, structures, personal property and additional living expenses.  The losses sustained were the type the Plaintiffs sought to insure against. After Plaintiffs reported the loss, Defendant STATE FARM, investigated the loss and paid the Plaintiff's structure limits.  However, they delayed and underpaid the personal property contents portion of the claim.  Moreover, Defendant wrongfully withheld recoverable depreciation from Plaintiff when Plaintiffs purchased contents and submitted their receipts.  Moreover, when the Plaintiffs turned in the receipts for the new items they purchased after the fire, rather than paying them full price, State Farm withheld

depreciation and only paid ACV for the new items.

8. Plaintiffs, therefore, assert that Defendant breached its duty of good faith and fair dealing by failing to compensate Plaintiffs for all damages that the Plaintiffs sustained from the covered loss, when it was reasonably apparent that the damages were owed by STATE FARM.

## V.
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

9. At all times since STATE FARM issued Plaintiffs' policy of insurance covering Plaintiffs' home and property, Defendant knew, or should have known, Plaintiffs were insured under a policy of insurance issued by them. STATE FARM issued said policy to Plaintiffs and owed Plaintiffs a duty of good faith and fair dealing and a duty to exercise ordinary care in the renewing of their policy, handling of Plaintiffs' claim, the investigation of Plaintiffs' claim, the payment of Plaintiffs' claim and the adjustment of Plaintiffs' losses. STATE FARM further owed Plaintiffs a duty to timely pay for all covered losses.

10. STATE FARM breached its duties of good faith and fair dealing owed Plaintiffs under the contract and under the common law as stated herein. As a direct proximate cause of Defendant's negligent and/or intentional acts and/or omissions, which constitute breach of the duty of good faith and fair dealing, Plaintiffs have suffered damages for which they now sue.

11. Plaintiffs incorporate by reference all other allegations contained herein which amount to and constitute breach of the duty of good faith and fair dealing imposed upon STATE FARM as a matter of law.

## VI.
## INSURANCE CODE VIOLATIONS

12. Pleading further upon information and belief, STATE FARM engaged in unfair and/or deceptive acts and/or practices in the business of insurance, in violation of the Texas

Insurance Code, by violating these statutes and such constitutes a violation of the DTPA. Defendant further violated Tex. Ins. Code article §541.001 - 542.051 et seq. said acts and/or practices are the proximate and/or producing cause of Plaintiffs' damages for which they now sue.

13.   Defendant has engaged in unfair settlement claims practices by misrepresenting to the Plaintiffs a material fact or policy provision relating to the coverages at issue.

14.   As a proximate, producing cause of Defendant's acts, errors and/or omissions, Plaintiffs have suffered damages for which they now sue. Defendant's acts, errors and/or omissions were committed knowingly with actual awareness of the falsity, unfairness or deception of the act(s) or practice(s) complained of above. Therefore, Plaintiffs request the Court award them, in addition to the actual damages set forth herein, statutory damages, pursuant to the Texas Insurance Code, as well as their reasonable and necessary attorneys' fees and costs. Alternatively, Plaintiffs seek punitive damages in order to punish the Defendant from treating other policyholders in the same or similar fashion. Additionally, Plaintiffs request the Court award damages pursuant to Article 542.060 of the Texas Insurance Code.

VII.
DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

15.   At all times material and relevant hereto, Plaintiffs were "consumers" as that term is defined in the Texas Deceptive Trade Practices-Consumer Protection Act, ("DTPA") Tex. Bus. & Com. Code sec. 17.45(4). Plaintiffs sought "services" from Defendant as that term is defined in Tex. Bus. & Com. Code sec. 17.45(2). At all times relevant hereto, Defendant was engaged in "trade" and "commerce" as those terms are defined in Tex. Bus. & Com. Code sec. 17.45(6).

16.    The acts, errors and/or omissions committed by Defendant as described herein violated the DTPA and were false, misleading and/or deceptive acts and/or practices as described above and committed as follows:

    (1)    representing that goods or services are of a particular standard, quality or grade when they are of another;

    (2)    causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

    (3)    causing confusion or misunderstanding as to the affiliation, connection or association with goods or services;

    (4)    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation or connection which he does not have;

    (5)    representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law.

17.    Defendant's conduct also violates §§17.50(a)(3),(4) of the DTPA. Additionally, the acts, errors and/or omissions referred to above were in fact a producing and/or proximate cause of damage to Plaintiffs. The above acts, errors and/or omissions were committed by the Defendant both "knowingly" and intentionally as those terms are defined by Tex. Bus. & Com. Code sec.17.45(9). Accordingly, Plaintiffs request the Court award, in addition to economic damages, three times the amount of economic damages. Plaintiffs further requests the Court award court costs and reasonable and necessary attorneys' fees.

VIII.
NEGLIGENCE/NEGLIGENT MISREPRESENTATION

18.    Plaintiffs allege that Defendant owed them a duty to exercise ordinary care in performing insurance related services they provided.  Defendant breached this duty and proximately caused harm to the Plaintiffs for which they now sue.  Plaintiffs also allege that Defendant made representations in the course of its business or in a transaction in which they had a pecuniary interest. The representation presented and supplied false information for the Plaintiffs' guidance and Defendant did not exercise reasonable care or competence in obtaining

or communicating the information to the Plaintiffs. Plaintiffs relied on the representations to their detriment and were injured.

## IX.
## DAMAGES

19.    Plaintiffs have suffered actual damages in an amount that exceeds the minimum jurisdictional limits of this Court. Accordingly, Plaintiffs request that the jury award them a fair amount under the circumstances for the damages.

20.    Plaintiffs have incurred additional and consequential damages.

21.    Plaintiffs have been required to retain the undersigned attorney to prosecute this lawsuit and have thereby incurred reasonable and necessary attorneys' fees and costs for which they now sue.

22.    Plaintiffs request the Court award pre-judgment and post-judgment interest.

23.    Plaintiffs request that statutory damages be awarded under the DTPA and the Texas Insurance Code.

24.    Exemplary damages to punish and deter the Defendant for its actions.

## X.
## DISCOVERY

25.    Plaintiffs request pursuant to Rule 194 of the Texas Rules of Civil Procedure, that you disclose, within 50 days of service of this request, the information or material described In Rule 194.2(a) - (i), (k), (l).

## XI.
## JURY DEMAND

26.    Plaintiffs demand a trial by jury in accordance with the Texas Rules of Civil Procedure and Evidence and the Constitution of the United States of America and the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein; that upon final hearing, this Court and jury grant the relief sought herein and that Plaintiffs obtain a judgment against the Defendant and that Plaintiffs be granted such other and further relief, both general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE WENHOLZ LAW FIRM PLLC

David C. Wenholz
Texas Bar No. 21176350

13501 Galleria Circle
Ste. W270
Bee Cave, TX 78738

ATTORNEY FOR PLAINTIFFS

# Exhibit "B"

Electronically Filed 2/27/2015 12:47:07 PM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Terri Hocker, Deputy

CAUSE NO. 014-335

| | | |
|---|---|---|
| KEITH A. DZIERZANOWSKI and | § | IN THE DISTRICT COURT |
| HOLLY M. DZIERZANOWSKI | § | |
| | § | |
| VS. | § | 335TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | BASTROP COUNTY, TEXAS |

**DEFENDANT STATE FARM LLOYDS'**
**ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF THIS COURT:**

Defendant State Farm Lloyds ("State Farm") without waiving any of its defenses, files its Original Answer and respectfully shows the Court as follows:

### General Denial

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, State Farm hereby exercises its right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

### Affirmative Defenses

2.      In addition to and without waiving any of the foregoing, Defendant asserts the following matters as affirmative defenses to Plaintiffs' claims:

    a.      Plaintiffs failed to mitigate their loss.

    b.      Any award to Plaintiffs must be offset by all prior payments made by State Farm to Plaintiffs for replacement, repair, and additional living expenses ("ALE").

c.     Plaintiffs' damages, if any, must be offset by the amount of the applicable policy deductibles.

d.     Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

e.     Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code § 41.008.

f.     Plaintiffs' claims for punitive damages against Defendant cannot be sustained because under Texas law, an award of punitive damages without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

g.     Plaintiffs' claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law for the purposes of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### *Jury Demand*

3.     Defendant tenders the statutory jury fee and demands a jury trial in this cause.

*Prayer*

4.      WHEREFORE, Defendant prays:

a.      That Plaintiffs recover nothing of and from State Farm go hence without delay with all costs of court; and

b.      That State Farm be granted such other and further relief to which it shows itself justly entitled.


Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas  78701
512/476-4600
512/476-5382 (Fax)


By:_____
          Richard W. South
          State Bar No. 18863175
          rsouth@w-g.com


ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by facsimile to the counsel listed below, in accordance with the Texas Rules of Civil Procedure, on this 27th day of February, 2015.

David C. Wenholz
The Wenholz Law Firm, PLLC
13501 Galleria Circle
Suite W270
Bee Cave, Texas 78738
(512) 478-2211
**(512) 478-3625 FAX**

_____
Richard W. South

4

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back          Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 014-335

| | |
|---|---|
| KEITH A. DZIERZANOWSKI AND HOLLY M. DZIERZANOWSKI V. STATE FARM LLOYDS | § § § § § § |

| | |
|---|---|
| Case Type: | **Civil Case - Other** |
| Date Filed: | **01/30/2015** |
| Location: | **335th District Court** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **STATE FARM LLOYDS** | |
| **Plaintiff** | **DZIERZANOWSKI, HOLLY M.** | **DAVID C. WENHOLZ**<br>*Retained*<br>512-478-2211(W) |
| **Plaintiff** | **Dzierzanowski, Keith A.** | **DAVID C. WENHOLZ**<br>*Retained*<br>512-478-2211(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/30/2015 | **Original Petition (OCA)** |
| 01/30/2015 | **Jury Request** |
| 01/30/2015 | **Case Information Sheet** |
| 01/30/2015 | **Jury Fee Paid** |
| 02/02/2015 | **Citation** |
| 02/02/2015 | **Citation** |
| | STATE FARM LLOYDS            Served            02/10/2015 |
| 02/23/2015 | **Other/Misc** |
| 02/27/2015 | **Answer** |
| 02/27/2015 | **Jury Request** |
| 02/27/2015 | **Jury Fee Paid** |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---:|
| | **Defendant STATE FARM LLOYDS** | | |
| | Total Financial Assessment | | 30.00 |
| | Total Payments and Credits | | 30.00 |
| | **Balance Due as of 03/02/2015** | | **0.00** |
| 02/27/2015 | Transaction Assessment | | 30.00 |
| 02/27/2015 | EFile Payment | Receipt # 2015-18435         STATE FARM LLOYDS | (30.00) |
| | | | |
| | **Plaintiff Dzierzanowski, Keith A.** | | |
| | Total Financial Assessment | | 315.00 |
| | Total Payments and Credits | | 315.00 |
| | **Balance Due as of 03/02/2015** | | **0.00** |
| 02/02/2015 | Transaction Assessment | | 315.00 |
| 02/02/2015 | EFile Payment | Receipt # 2015-18118         Dzierzanowski, Keith | (315.00) |